FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 18 2018 ★
BROOKLYN OFFICE

NS:MEG/RTP
F. #2018R01082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DEVON MASON,
also known as "Butta,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 18-461 (S-1) (LDH)
(T. 18, U.S.C., §§ 981(a)(1)(C), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1591(c), 1594(d), 1952(a)(1)(A), 1952(a)(3)(A), 1952(b)(1), 2422(a), 2423(a), 2428(a), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B)(i), 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking)

1. In or about and between 2013 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was

effected by means of force, threats of force, fraud and coercion, and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT TWO
(Sex Trafficking of a Child)

2. In or about and between 2011 and 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #2, a minor whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that Jane Doe #2 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, and having had a reasonable opportunity to observe Jane Doe #2.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(2), 1591(c), 2 and 3551 et seq.)

COUNT THREE
(Transportation of a Minor)

3. In or about 2012, within the Eastern District of New York and elsewhere, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally transport a person, to wit: Jane Doe #2, who had not attained the age of 18 years, in interstate commerce, with the intent that Jane Doe #2 engage in

prostitution, and in sexual activity for which any person could be charged with a criminal offense.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

COUNT FOUR
(Interstate Prostitution)

4. In or about and between 2012 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally persuade, induce, entice and coerce a person, to wit: Jane Doe #1, to travel in interstate commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

COUNT FIVE
(Promotion of Prostitution)

5. In or about and between 2013 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally use one or more facilities in interstate commerce, to wit: the Internet and one or more wire transfer services, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit: a business enterprise involving prostitution, in violation of the laws of the States in which they were committed and of the United States, and did thereafter perform and attempt to perform the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

COUNT SIX
(Distribution of Proceeds of a Prostitution Business)

6. In or about and between 2013 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more money wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses, in violation of the laws of the States in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

COUNT SEVEN
(Possession of Heroin with Intent to Distribute)

7. On or about August 24, 2018, within the Eastern District of New York, the defendant DEVON MASON, also known as "Butta," together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 100 grams or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

8. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One or Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE AND FOUR

10. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Three or Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS FIVE AND SIX

12. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Five or Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT SEVEN

14. The United States hereby gives notice to the defendant that upon his conviction of the offense charged in Count Seven, the government will seek forfeiture in

accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit (a) any property constituting, or derived from, any proceeds the person obtained directly or indirectly as a result of such offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

[signature]
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: [signature]
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#: 2018R01082

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DEVON MASON, *also known as "Butta"*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1591(c), 1594(d), 1952(a)(1)(A), 1952(a)(3)(A), 1952(b)(1), 2422(a), 2423(a), 2428(a), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B)(i), 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_______________________________ *Foreperson*

*Filed in open court this* __________________ *day,*

*of* _____________ *A.D. 20* _____ _____________________________ *Clerk*

*Bail, $* ______________________________________________

***Margaret E. Gandy and Rena Paul, Assistant U.S. Attorneys***
***(718) 254-6213/7575***